USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 
DATE FILED: 11/6/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
UNION FOR REFORM JUDAISM,

Plaintiff,

-against-

CHURCH MUTUAL INSURANCE COMPANY, S.I.,

Defendant.
---------------------------------------------------------------x

**Docket No.: 1:25-cv-10383 (AT)(HJR)**

**ORDER FOR PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

This matter having come before the Court by proposed order of the undersigned counsel for Defendant, CHURCH MUTUAL INSURANCE COMPANY, S.I. for the entry of a protective order pursuant to Fed. R. Civ. P. 26(c), limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by either party and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below; and good cause having been shown;

IT IS HEREBY ORDERED that:

1. This order is being entered into to facilitate the production, exchange and discovery of documents and information that the parties agree merit confidential treatment (hereinafter the “Documents” or “Testimony”).

2. Either party may designate Documents produced, or Testimony given, in connection with this action as “confidential,” either by notation on the document, statement on the record of the deposition, written advice to the respective undersigned counsel for the parties hereto, or by other appropriate means.

3. As used herein:

(a) "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents or Testimony contain trade secrets, proprietary business information, competitively sensitive information, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients.

(b) "Producing party" shall mean the parties to this action and any third-parties producing "Confidential Information" in connection with depositions, document production or otherwise, or the party asserting the confidentiality privilege, as the case may be.

(c) "Receiving party" shall mean the party to this action and/or any non-party receiving "Confidential Information" in connection with depositions, document production or otherwise.

4. The Receiving party may, at any time, notify the Producing party that the Receiving party does not concur in the designation of a document or other material as Confidential Information. If the Producing party does not agree to declassify such document or material, the Receiving party may move before the Court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information. If such motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise.

5. Except with the prior written consent of the Producing party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

(a) personnel of Plaintiff or Defendants actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

(b) counsel for the parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(c) expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or there proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 hereof;

(d) the Court and Court personnel, if filed in accordance with paragraph 12 hereof;

(e) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with paragraph 10 hereof;

(f) trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 9 and 10, respectively, hereof; and

(g) any other person agreed to by the parties.

6. Confidential Information shall be utilized by the Receiving party and its counsel only for purposes of this litigation and for no other purposes.

7. Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to paragraph 5(c) hereof, counsel for the Receiving party shall provide the

expert's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party at the time of the disclosure of the information required to be disclosed, except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

8. If a deposition involves the disclosure of confidential or privileged information, the deposition or portions thereof shall be considered confidential and subject to the protective order. Such designation shall be made on the record during the deposition when possible, but a party's failure to do so shall not operate as a waiver of confidentiality. A party may designate portions of depositions as confidential after transcription, provided that written notice of the designation is promptly given to all counsel of record within 30 days after notice by the court reporter of the completion of the transcript. Such designations must be made in writing so that all counsel and court reporters may append the designation to all copies of the transcripts.

9. Should the need arise for any of the parties to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such party may do so only after taking such steps as the Court, upon motion of the disclosing party, shall deem necessary to preserve the confidentiality of such Confidential Information.

10. This order shall not preclude counsel for the parties from using during any Deposition in this action any documents or information which have been designated as "Confidential Information" under the terms hereof. Any court reporter and deposition witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this order and shall execute the certificate annexed hereto. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party.

11. A party may designate as Confidential Information subject to this order any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof. In the case of Documents, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such, at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the party asserting the confidentiality privilege. In the case of deposition Testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to fifteen (15) days after the transcript is received by counsel for the party asserting the confidentiality privilege. Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Confidential Information.

12. (a) A Receiving party who seeks to file with the Court any deposition transcripts, exhibits, answers to interrogatories, and other documents which have previously been designated as comprising or containing Confidential Information, and any pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential Information, shall adhere to the practices set forth in Rule II(G) of Magistrate Judge Henry Ricardo's Individual Rules and Practices for Civil Cases.

(b) All pleadings, briefs or memoranda which reproduces, paraphrases or discloses any documents which have previously been designated by a party as comprising or containing Confidential Information, shall identify such documents by the production number ascribed to them at the time of production.

13. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

14. Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "confidential" nature as provided in paragraphs 2 and/or 11 of this order, may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

15. Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this order.

16. The production or disclosure of Confidential Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this action or in any other action.

17. This order is entered into without prejudice to the right of either party to seek relief from, or modification of, this order or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under applicable law.

18. This order shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of any terms of the order. The provisions of this order shall, absent prior written consent of both parties, continue to be binding after the conclusion of this action.

19. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

20. Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing party or shall be destroyed, at the option of the Producing party. In the event that any party chooses to destroy physical objects and documents, such party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This order shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility. Nothing in this order shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

21. This order may be changed by further order of this Court and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

Dated: November 6, 2026
New York, New York

Henry J. Ricardo
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
UNION FOR REFORM JUDAISM,

Plaintiff,

-against-

CHURCH MUTUAL INSURANCE COMPANY, S.I.,

Defendant.
---------------------------------------------------------------x

**Docket No.: 1:25-cv-10383 (AT)(HJR)**

**EXHIBIT "A"**

**ORDER FOR PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

I, ________________________________________, state that:

1. My address is______________________________________________________.

2. My present employer is ______________________________________________.

3. My present occupation or job description is ______________________________

_______________________________________________________________________.

4. I have received a copy of the Order for Production and Exchange of Confidential Information (the "Order") entered in the above-entitled action on________________________.

5. I have carefully read and understand the provisions of the Order.

6. I will comply with all of the provisions of the Order.

7. I will hold in confidence, will not disclose to anyone not qualified under the Order, and will use only for purposes of this action, any Confidential Information that is disclosed to me.

8. I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

9. I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Order in this action.

Dated: ______________ __________________________